UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Justin Victor Oyola,<br><br>             Plaintiff,<br><br>vs.<br><br>Freedom Mortgage Corp, et al.,<br><br>             Defendant. | 2:25-cv-00685-CDS-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1)** |

Pro se plaintiff Justin Victor Oyola filed an *Application to Proceed in Forma Pauperis* ("IFP"). *ECF No. 1*. The Court DENIES plaintiff's IFP application and the Motion without prejudice, with leave to refile.

I.      **LEGAL STANDARD**

Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." *Fed. R. Civ. P. 11(a)*. "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers ...thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted). "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Communs. Enters.,* 498 U.S. 533, 542, 111 S. Ct. 922, 928, 112 L. Ed. 2d 1140 (1991) (internal quotations omitted).

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set

forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or his poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct

form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II.     Rule 11

The Court notes that plaintiff included disclaimers with his signature that state "without prejudice" and "without recourse." *See ECF Nos. 1 at 2 and 1-1 at 6*. The Court notes that including disclaimers next to a signature line is a frequent and common tactic by those who adhere to the sovereign citizen movement to try to avoid the potential consequences of untruthful answers. See *Tiffany v. Karen*, 2023 U.S. Dist. LEXIS 91639, at *4 (D. Nev. May 25, 2023) ("Plaintiff also appears to have included in the signature line a reference to [a disclaimer] which appears to refer to some sort of reservation of rights. This is common in Moorish pleadings because they believe that by "reserving your rights" you can somehow avoid the potential consequences of untruthful answers.").

The purpose of Rule 11 is undermined when filers, such as plaintiff include disclaimers or purported reservation of rights by their signatures and attempt to avoid giving truthful answers or the penalty of consequences. *See Fed. R. Civ. P. 11(b)-(c)* (permitting sanctions for violations of the rule). To the extent that plaintiff attempts to assert such sovereign citizen/Moorish ideology in his IFP application and complaint, the Court rejects them. This Court and many others have rejected such movements. See *Harper*, 2022 U.S. Dist. LEXIS 57821, at *2; see also *United States v. Studley*, 783 F.2d 934, 937, fn.3 (9th Cir. 1986) (finding that arguments based on sovereign citizen ideology is frivolous and grounds for sanctions). If plaintiff wishes to pursue this case, he must file a new IFP application and a new complaint with a proper signature, without any disclaimers or reservation of

3

rights.

### III. PLAINTIFF'S IFP APPLICATION

Plaintiff filed the short form IFP application. *ECF No. 1*. Plaintiff states that in the last twelve months, he received no income from wages. *Id. at 1*. He states that he receives about $2,434 from his pension and disability but that he has over $3,000 a month in bills. *ECF No. 1 at 1-2*. He states that he supports Susanne Oyola who he identifies as "mother", but he does not clarify if she is the plaintiff's mother or the mother of his child. If plaintiff has a spouse, he has omitted her income from the application.

Plaintiff does not provide an explanation regarding how he pays his bills that exceed his income. Further, plaintiff states that the value of his home ($168,877) is considerably less than his mortgage ($342,589) without explanation. Plaintiff also fails to explain how the value of his car ($36,907) is also considerably less than the apparent financing amount owed for such car ($43,896). The Court finds that his IFP application is incomplete. The Court cannot determine if plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to show that he qualifies for IFP status. Plaintiff must resubmit the long form application. Plaintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. In response to question eleven on the long form, plaintiff must explain in detail why he cannot afford the filing fee or how he pays his bills that exceed his income. Plaintiff must also explain the discrepancies between the values of his home and car versus the considerably higher outstanding loans for his home and car. If plaintiff has a spouse, he must include his spouse's income on the long form.

IT IS SO ORDERED THAT:

1. Plaintiff's *Application To Proceed In Forma Pauperis* (ECF No.1) is DENIED without prejudice.

1. By **August 27, 2025**, plaintiff shall either (1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

2. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

It is so ordered.

DATED July 28, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**